UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH PANZARELLA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS & HOFFMAN, P.C.<br><br>Defendant. | Civil Case No: _____<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT -- CLASS ACTION**

**PRELIMINARY STATEMENT**

1.  Plaintiffs on behalf of themselves and all others similarly situated ("Plaintiffs"), by and through their attorneys, alleges that the Defendant, MARCUS & HOFFMAN, P.C. and their employees, agents and successors (collectively "Defendant") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from using false, deceptive and misleading representations in connection with the collection of any debt in their state debt-collection suits filed against homeowners within Pennsylvania.

2.  As described in more detail below, Defendant specializes in the collection of consumer debts owed to homeowners' associations. Defendant brought suit for amounts far in excess of that actually owed by consumers and subsequently manipulated association records to add fees and costs to homeowner accounts for fees and costs never assessed by their respective homeowners association. Defendant's unfair and deceptive patterns and practices constitute illegal det-collection prohibited by the FDCPA.

## JURISDICTION AND VENUE

3. Jurisdiction arises and is proper under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, residing in Montgomery County, Pennsylvania at 47 Salem Road, Schwenksville, PA 19473, and is, at all times herein, a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MARCUS & HOFFMAN, P.C. ("HOFFMAN") is a law firm maintaining a principal office location at 326 West State Street, Media, PA 19063. HOFFMAN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6) because it uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and regularly engages in the collection or attempt to collect debts asserted to be due or owed to another.

## STATEMENT OF FACTS

8. HOFFMAN is a law firm which specializes in the collection of consumer debt owed to homeowners' associations. HOFFMAN advertises that it's process of debt-collection is intended not only to collection association assessments, but "maximize" the collection of legal fees and costs as well: "Our collections process is intended to maximize your Association's recovery of not only delinquent assessments *but also the legal fees and costs incurred.*" See

https://www.marcushoffman.com/collections.html (accessed on March 8, 2023)(emphasis supplied).

9. In order to convince homeowners' associations to hire them, HOFFMAN advertises and represents to homeowners that they charge a "global fee" in collection suits against homeowners. Hoffman claims, "[t]he global fee for this phase of the collection process includes all communications with the unit owner and the Association, preparation and filing of the complaint, preparation of all exhibits, travel to and attendance at the hearing, and all other activities up to the receipt of the notice of judgment." https://www.marcushoffman.com/collections.html (accessed on March 8, 2023).

10. Plaintiff purchased with her husband the subject home in or around March 1991.

11. Plaintiff's home is subject to a recorded declaration of covenants, conditions and restrictions (CCR's) which require, among other things, the payment of regular common expense assessments to the Maple Hill Community Association.

12. Approximately six years after the subject home's purchase, the Pennsylvania General Assembly enacted the Pennsylvania Planned Community Act, 68 Pa. C.S.A. § 5101, et seq.; however, only certain section of the Act are made retroactive to Plaintiff.

13. Plaintiff's interactions with HOFFMAN first began when HOFFMAN filed suit against Plaintiff for alleged unpaid assessments on June 11, 2019. See Magisterial District Court 38-1-24, case number MJ-38124-CV-0000256-2019.

14. At the time the suit was commenced, Association records showed that Plaintiff owed only a balance of $245. As monthly assessments were $130, Plaintiff was less than sixty days late.

15. At all relevant times, the Association maintained policies, procedures, and regulations that owners had to be more than 90 days past due before using legal counsel to collect past-due assessments.

16. HOFFMAN was aware of the Association's policies, procedures and regulations prohibiting suit prior to 90 days, but commenced the suit anyway, seeking a total of $1,905.00, plus costs. The amount sought by HOFFMAN included their advertised "global fee" for collections.

17. On August 28, 2019, a default judgment was entered in the amount of $2,059.00, which included all attorney fees and costs sought by HOFFMAN.

18. Despite including their "global fee" in the judgment, which was supposed to cover "all communications with the unit owner" HOFFMAN began charging Plaintiff additional hourly post-judgment fees. This included additional hourly attorney fees for "communications" with the Plaintiff.

19. As of October 2021, plaintiff had paid $655.00 above her regular monthly association dues towards attorney fees and costs sought by HOFFMAN in the aforesaid judgment.

20. On or about March 16, 2022, HOFFMAN filed another suit against Plaintiff, docketed in Magisterial District Court 38-1-24, case number MJ-38124-CV-0000080-2022.

21. In its complaint, HOFFMAN sought a judgment of $6,222.36, plus costs of $210.60.

22. According to the Association's records, at the time the complaint was filed, Plaintiff's balance was only $3,987.36. This balance was comprised of almost exclusively of inflated and patently unreasonable attorney fees charged from 2019 through 2022, as Plaintiff made regular monthly payments of assessments to the Association.

23. Based on correspondence and statements from the Association, the inflated amounts sought additional attorney fees which had not yet been charged by HOFFMAN along with allegedly accelerated assessments for the remainder of the year.

24. The amounts sought were improper and not authorized by the CCR's as 1) HOFFMAN sought attorney fees in excess of what was actually charged, 2) the Association never actually accelerated the assessments (as shown on their account statement) and continued to charge monthly late charges evidencing that the account was not actually accelerated, and 3) the attorney fees were patently unreasonable.

25. On or about January 23, 2023, HOFFMAN sent the attached dunning letter to Plaintiff (**Exhibit A**).

26. The correspondence attempted to collect a total debt of $8,564.85 from Plaintiff, and included what was alleged as a "recent account history" from the Association. The letter went on state that "the sums set forth in this correspondence relating to the amounts due and owing to the Association are based on the information that we have been provided as of January 19, 2023."

27. The January correspondence sought amounts which were not authorized by the judgment, not authorized by the CCR's, and which had not actually been incurred by the Association.

28. By way of example, the attachment to the letter was an account history generated by the Association's bookkeeping system.

29. On the last page of the history, HOFFMAN edited the document so as to appear as though the Association's ledger contained a balance of $8,564.85; however, this was not the actual balance on the Association's ledger.

30. HOFFMAN used editing software (not the Association's bookkeeping software) to manipulate and add additional legal expenses which it had not billed to the Association, along with a "satisfaction fee", falsely representing that there was a court fee for satisfying the judgment.

31. HOFFMAN did not disclose that the document was actually edited by HOFFMAN and differed from the Association's actual ledger. HOFFMAN also did not disclose that the courts did not charge a $297.00 fee for "satisfaction" of the underlying judgment, and that the fees that HOFFMAN discreetly edited into the document were prospective at best, and never actually incurred or paid by the Association.

32. The Plaintiff subsequently requested an explanation as to the amount of additional attorney fees charged after the judgment.

33. HOFFMAN responded on February 24, 2023, a copy of which is attached as **Exhibit B.**

34. The letter confirms that the attorney fees and the "satisfaction" fee were not actually incurred by the Association when HOFFMAN sent the January collection letter.

35. The letter also demonstrates that HOFFMAN treats homeowners as a proverbial cash cow, charging patently unreasonable attorney fees for purely administrative tasks required of the association, such as providing a payment history. Additionally, HOFFMAN lies to homeowners' associations and their unit owners, such as plaintiff, by stating that their "global fee" covers communications with owners which it clearly does not.

36. These unreasonable attorney fees are prohibited under the CCRs of the Association and the Pennsylvania Uniform Planned Community Act (UPCA), which allows only the collection of reasonable attorney fees:

> **Application of payments.--**Unless the declaration provides otherwise, any payment received by an association in connection with the lien under this section shall be applied

first to any interest accrued by the association, then to any late fee, then to any costs and reasonable attorney fees incurred by the association in collection or enforcement and then to the delinquent assessment. The foregoing shall be applicable notwithstanding any restrictive endorsement, designation or instructions placed on or accompanying a payment.

68 P.S. § 5315(i).

## POLICIES AND PRACTICES COMPLAINED OF

37. It is Defendant's policy and practice to send written collection communications to collect in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia* using false, deceptive or misleading representations or means in connection with the collection of a debt.

38. Defendant has sent written communications in the form annexed hereto as **Exhibit A**, which include manipulated and edited assessment statements, to at least 50 natural persons in Pennsylvania within one year of this Complaint's filing.

39. It is Defendant's policy and practice to improperly apply payments from association member debtors like plaintiff, to pay Defendant's unreasonable attorney fees incurred as a result of Defendant pursuing association members for a default on association fees as occurred when plaintiff's $655.00 in excess association payments were paid by Plaintiff.

40. Defendant has sent collected such unreasonable attorney fees from at least 50 natural persons in Pennsylvania within one year of this Complaint's filing.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of themselves and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent foreclosure complaints from the Defendants, in violation of the FDCPA, as described in this Complaint.

42. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers from whom Hoffman on behalf of another: (i) sought, directly or indirectly, to collect sums related to a consumer debt assigned to Hoffman at a time when the debt was passed due; **(ii) the sums sought were not expressly authorized by law or contract**; and (iii) its communications and demands to collect the sums occurred during the twelve months preceding the filing of this Action.

The class definition may be subsequently modified or refined.

43. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard collection practice involving at least fifty (50) persons.

   b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendant has used false, deceptive or misleading statements in connection with its attempts to collect debts from the members of the class;

      ii. Whether the Defendant made false statements concerning the character, amount or legal status of any debts while seeking to collect from the members of the class amounts not authorized by a

        judgment taken against any one of them by Defendant but which amounts Defendant misrepresented, directly or indirectly, expressly or by implication, were owed by the consumer, and collectible;

iii. Whether the Defendant made false statements concerning the character, amount or legal status of any debts while seeking to collect from the members of the class amounts not authorized by the Community Association CCRs but which amounts Defendant misrepresented, directly or indirectly, expressly or by implication, were owed by the consumer, and collectible;

iv. Whether the Defendant made false statements concerning the character, amount or legal status of any debts while seeking to collect from the members of the class amounts not actually incurred by services rendered by Defendant to the Association but which amounts Defendant misrepresented, directly or indirectly, expressly or by implication, were owed by the consumer, and collectible;

v. Whether the Defendants have used any unfair or unconscionable means to collect or attempt to collect any debt;

vi. Whether the Defendant violated various provisions of the FDCPA by its conduct described herein;

vii. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

viii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

      so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution;

   ix. The sum of the FDCPA Defendants' net worth; and

   x. Whether Plaintiff and the Class are entitled to declaratory relief.

 c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories. Likewise, the Defendant's likely defenses (though unavailing) are and will be typical of and materially the same or identical for each of member of the Class and will be based on the same legal and factual theories. There are no valid, unique defenses.

 d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

 e. <u>Damages:</u> The Class members have suffered damages, losses, and harm similar to those sustained by Plaintiff in relation to the improper, unfair, and deceptive collection activities of the Defendant in violation of laws governing their activities.

44.  A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

45.  A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and

expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

46. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT,
### 15 U.S.C. § 1692 *et seq*.  - Letter Violation

47. Plaintiff, on behalf of themselves and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein. Collection letters and/or notices, such as those sent by HOFFMAN, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. The Defendant's notice language described in paragraph 25 herein above would cause the least sophisticated consumer to be confused about his or her rights.

49. Defendant violated 15 U.S.C. § 1692e and 1692f of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

50. Section 1692e provides, in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

\* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51.     Alternatively, § 1692f provides, in relevant part:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

\* \* \*

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

52.     Defendant's false, misleading and deceptive statements and unfair and unconscionable means of debt collection are material to the least sophisticated consumer.

53.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

54.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

55.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

56. Plaintiff have suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT,
### 15 U.S.C. § 1692 *et seq*. – Collection Of Unreasonable Attorney Fees and Costs

57. Plaintiff, on behalf of themselves and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

58. By collecting attorney fees and costs not legally due from the Plaintiff and class members, through litigation and dunning letters, Defendant used false, deceptive, or misleading representations or means in connection with the collection of consumer debts from the Named Plaintiff and Class members in violation of 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

59. Alternatively to the claims asserted in the previous paragraph, Defendant's actions and omissions described herein in relation to pursuing unlawful attorney fees and costs in connection with debt collections also constitutes unfair or unconscionable means to collect or attempt to collect from the Named Plaintiff and Class Members in violation of 15 U.S.C. § 1692f.

60. Named Plaintiffs and the Class members have suffered actual economic and non-economic damages, as more fully described *supra* regarding unlawful attorney's fees and court costs as a result of Defendant's illegal debt collection practices and actions described herein.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

   (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

   (b) Awarding Plaintiff and the Class statutory damages;

   (c) Awarding Plaintiff and the Class actual damages;

   (d) Awarding pre-judgment interest;

   (e) Awarding post-judgment interest.

   (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

   (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 15, 2023

            */s/ Robert P. Cocco*
            Robert P. Cocco, Esq. (I.D. No. 61907)
            Law Offices of Robert P. Cocco, P.C.
            1500 Walnut Street, Suite 900
            Philadelphia, Pennsylvania 19102
            (215) 351-0200 telephone
            (215) 827-5403 facsimile

            */s/ Sean P. Mays*
            Sean P. Mays, Esq. (I.D. No. 307518)
            The Mays Law Firm, P.C.
            65 W. Street Road, Suite B102
            Warminster, PA 18974
            (215) 792-4321 telephone and fax