IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH PANZARELLA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-1012 |
| | : | |
| MARCUS & HOFFMAN, P.C. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                                    **March 21, 2024**

      Plaintiff Elizabeth Panzarella brings this class action under the Fair Debt Collection Practices Act ("FDCPA") against Defendant Marcus & Hoffman, P.C. ("M&H") for false, deceptive, and misleading conduct in connection with its processes for debt collection on behalf of homeowners associations. M&H moves to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. Because Panzarella's Amended Complaint does not dispute the underlying state court judgments and plausibly alleges FDCPA violations, the motion to dismiss will be denied.

**BACKGROUND**

      In March 1991, Panzarella purchased a home subject to a recorded declaration of covenants, conditions, and restrictions ("the Declaration"). Am. Compl. ¶¶ 10-11, ECF No. 9. The Declaration requires payment of "regular common expense assessments" to the Maple Hill Community Association ("the Association"). *Id.* ¶ 11. Six years after purchase, the Pennsylvania Uniform Planned Community Act, 68 Pa. C.S.A. § 5101, et seq. ("the Act") was enacted. *Id.* ¶ 12. Certain provisions of the Act retroactively apply to the Association, including § 5315, which provides the Association with a statutory lien for assessments. *Id.* ¶ 13. Panzarella must request an assessment statement to determine any amount owed to the Association. *Id.* ¶ 14.

On June 11, 2019, M&H filed suit against Panzarella in Magisterial District Court for alleged unpaid assessments to the Association. *Id*. ¶ 15. A default judgment against Panzarella was entered on August 28, 2019 in the amount of $2,059.00. *Id*. ¶ 19. Following the 2019 judgment, M&H allegedly began charging additional fees not included in the judgment. *Id*. ¶ 20. M&H then filed suit again on March 16, 2022 in Magisterial District Court, and default judgment against Panzarella was entered on June 1, 2022 in the amount of $6,432.96. *Id*. ¶ 22; Ex. 1 at 1, ECF No. 9-1.[1]

After the 2022 default judgment, Panzarella requested a copy of her account history with the Association. Am. Compl. ¶ 28. M&H sent back a dunning letter on January 23, 2023, which listed Panzarella's total debt to be $8,564.85 and included an account statement listing the same. *Id*. ¶¶ 29-30. M&H's letter explained "the sums set forth in this correspondence relating to the amounts due and owing to the Association are based on the information that we have been provided [from the association] as of January 19, 2023." *Id*. ¶ 30. Panzarella claims the actual balance was $7,681.85, and M&H's letter sought amounts unauthorized by the 2022 judgment. *Id*. ¶¶ 31-32. She alleges M&H edited the account statement to include fees which were "prospective at best, and never actually incurred or paid by the Association," and the edits were never disclosed. *Id*. ¶ 35. When Panzarella requested an explanation of the additional post-judgment fees, M&H's response confirmed the attorney's fees and "satisfaction" fee "were not actually incurred by the Association." *Id*. ¶¶ 36-38.

Panzarella brought this class action on March 15, 2023. ECF No. 1. She alleges M&H regularly attempts to collect improper and unauthorized fees through false, misleading, and deceptive representations in violation of 15 U.S.C. §§ 1692(e) and 1692(f) of the FDCPA. Am.

---

[1] For clarity, ECF page numbers are used for Exhibit 1.

Compl. ¶¶ 52-65. M&H now moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). ECF No. 11.

**STANDARD OF REVIEW**

"If a District Court does not have subject matter jurisdiction, it must dismiss." *Berg v. Obama*, 586 F.3d 234, 242 n.6 (3d Cir. 2009). A Rule 12(b)(1) motion to dismiss may present a "facial" or "factual" attack on subject matter jurisdiction. *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack asserts that a claim "is insufficient to invoke the subject matter jurisdiction of the court," while a factual attack argues that "the facts of the case . . . do not support the asserted jurisdiction." *Id*. at 358. To evaluate a factual attack, a court may look beyond the pleadings. *Id*. "In sum, a facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *Id*. (citations and quotation marks omitted).

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). In evaluating a Rule 12(b)(6) motion, a district court must separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all factual allegations . . . as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

**DISCUSSION**

M&H first argues this Court is deprived of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Specifically, it contends *Rooker-Feldman* operates to bar Panzarella's claims because the Court would be required "to find that the 2022 Judgment was erroneously entered." Def. Mot. Dismiss 9, ECF No. 11. Under the *Rooker-Feldman* doctrine, federal courts do not have jurisdiction to hear claims in which "a federal suit follows a state suit" when "(1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163-64, 166 (3d Cir. 2010) (citation omitted). *Rooker-Feldman* does not apply when a plaintiff "asserts injury caused by the defendant's actions and not by the state-court judgment." *Id.* at 167. The doctrine thus does not apply when the alleged injury stems from a debt collector's collection practices, rather than an underlying state court judgment. *See, e.g.*, *Ahmed v. W. Coast Servicing Inc.*, 541 F. Supp. 3d 563, 572-73 (E.D. Pa. 2021) (concluding challenge of defendant's misrepresentation of the payoff amount and failure to inform plaintiff of reinstatement figures did not challenge underlying state court judgments).

Panzarella's Amended Complaint challenges only the representations made in M&H's communications to debtors regarding the amounts owed—it in no way challenges the basis for the debt, which in Panzarella's case happens to be the state court default judgments. *See* Am. Compl. ¶ 31 ("The January correspondence sought amounts . . . not authorized by the judgment" and "not included in any prior judgment"). Panzarella contends M&H misrepresented the amount due from her by editing the association's post-judgment account statement and adding other post-judgment legal fees. *Id*. ¶¶ 31-40. She is not asking this Court to review or overturn the state default

4

judgments entered against her. Instead, she is seeking to pursue the remedies available under the FDCPA for the unlawful debt collection practices used by M&H to collect *on* those judgments. Accordingly, *Rooker-Feldman* does not apply and does not bar Panzarella's claims.[2]

M&H also argues Panzarella fails to state a cause of action under the FDCPA on which relief can be granted. To prevail on an FDCPA claim, a plaintiff must allege that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 150 (3d Cir. 2023) (quoting *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018)). Only the fourth element is contested here. Def. Mot. Dismiss 10. But M&H focuses on contesting the *merits* of Panzarella's allegations, rather than whether Panzarella has sufficiently stated a cause of action.

Panzarella alleges M&H violated §§ 1692(e) and 1692(f) of the FDCPA. Am. Compl. ¶¶ 52-65. For alleged § 1692(e) violations, courts "focus on whether a debt collector's statement in a communication to a debtor would *deceive* or *mislead* the least sophisticated debtor." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015) (citation omitted). "[A] collection letter is

---

[2] Portions of Panzarella's Complaint take issue with the "inflated amounts" sought in the underlying state court judgments. *See* Am. Compl. ¶¶ 24-26. While Panzarella's response in opposition seemingly clarifies she only challenges M&H's conduct after and independent of any state court judgment, the Court emphasizes Panzarella cannot contest any portion of the 2019 and 2022 state court judgments. *See* Pl.'s Mem. Opp. Mot. Dismiss 9, ECF No. 14. Indeed, to the extent Panzarella is attempting to contest any amounts included in the underlying state court judgments, *Rooker-Feldman* requires Panzarella to seek such relief in state court. *See Todd v. U.S. Bank, Nat'l Ass'n*, Civ. No. 15-2866, 2016 WL 127543, at *5-6 (E.D. Pa. Jan. 12, 2016), *aff'd sub nom. Todd v. United States Bank Nat'l Ass'n*, 685 F. App'x 103 (3d Cir. 2017) (holding *Rooker-Feldman* barred plaintiff's claims because they attacked attorneys' fees and interest *included* in the state court judgment).

deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Huber*, 84 F.4th at 150 (internal quotation marks and citations omitted). Panzarella alleges M&H sent a letter stating "the sums set forth in this correspondence relating to the amounts due and owing to the Association are based on the information that *we have been provided* [from the association] as of January 19, 2023." Am. Compl. ¶ 30 (emphasis added). The letter came with an account statement edited by M&H to include additional fees separate from the state judgments, and the edits were never disclosed. *Id.* ¶ 35. These factual allegations collectively state a plausible FDCPA claim. The least-sophisticated debtor would read the letter language and construe the account statement to only include information provided by the Association—not additional fees added by M&H after the fact.

Section 1692(f) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692(f)(1). Panzarella alleges M&H sought unauthorized and not yet incurred amounts. Am. Compl. ¶ 31. She notes the Declaration states: "Attorneys' fees, court costs and collection expenses *incurred* by the Board of Directors incident to the collection of any Assessment . . . shall be payable by the Owner." Pl.'s Mem. Opp. Mot. Dismiss 13-14 (emphasis added). Viewing the Declaration's use of the past participle "incurred" in the light most favorable to Panzarella and "through the lens of the least-sophisticated consumer," the Court concludes the Declaration did not authorize M&H to collect attorney's fees not yet incurred. *See Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 175 (3d Cir. 2015), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019) (reading "all expenses *incurred*" to mean defendant "was not authorized to collect fees for

not-yet-performed legal services and expenses"). Accordingly, Panzarella's FDCPA claims survive the motion to dismiss.

An appropriate Order follows.

BY THE COURT:

<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, J.